**Rance BOLTON, also known as Lance Moore, Petitioner—Appellant,**

v.

**Mike KNOWLES, Warden, Respondent—Appellee.**

No. 05–15966.

United States Court of Appeals, Ninth Circuit.

Submitted March 13, 2007 *.

Filed March 15, 2007.

Meredith J. Watts, Esq., San Francisco, CA, for Petitioner–Appellant.

Rance Bolton, Vacaville, CA, pro se.

Ronald E. Niver, DAG, Peggy S. Ruffra, Esq., AGCA—Office of the California Attorney General, Oakland, CA, for Respondent–Appellee.

Before: GRABER, McKEOWN, and TALLMAN, Circuit Judges.

MEMORANDUM **

Rance Bolton, a California state prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his conviction for possession of stolen property. Bolton contends that the trial court's admission into evidence of a witness's preliminary hearing testimony infringed his Sixth Amendment right to confrontation in violation of *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).

Bolton's argument is unpersuasive. The Supreme Court recently held that the *Crawford* rule does not apply retroactively to cases, like this one, that are on collateral review. *Whorton v. Bockting,* —— U.S. ——, 127 S.Ct. 1173, 167 L.Ed.2d 1 (2007). Bolton's direct review became final in 1999. Therefore, his claim is governed by the standards set forth in *Ohio v. Roberts,* 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). The state court's admission of the preliminary hearing testimony was neither contrary to, nor did it involve an unreasonable application of, clearly established Supreme Court precedent. *See id.* at 72–73, 100 S.Ct. 2531; *California v. Green,* 399 U.S. 149, 165–68, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.